Plakushchav v. Lynch

BIA
Sagerman, IJ
A089-399-813

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

VIACHASLAV PLAKUSHCHAV, AKA
ALEXANDER KRASNIKOV,
        *Petitioner,*

        v.                                    14-4705
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Thomas M. Griffin, Philadelphia, PA.

FOR RESPONDENT:          Benjamin Mizer, Principal Deputy Assistant Attorney General, Dawn S.

Conrad, Senior Litigation Counsel, Matthew A. Connelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Viachaslav Plakushchav, a native and citizen of Belarus, seeks review of a November 26, 2014 decision of the BIA affirming a July 1, 2014 decision of an Immigration Judge ("IJ") denying Plakushchav's application for relief under the Convention Against Torture ("CAT"). *In re Viachaslav Plakushchav,* No. A089 399 813 (B.I.A. Nov. 26, 2014), *aff'g* No. A089 399 813 (Immig. Ct. Napanoch July 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We lack jurisdiction to review a final order of removal against an alien, like Plakushchav, who is removable by reason

of having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). We retain jurisdiction to review, de novo, "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). When assessing jurisdiction, we must "study the arguments asserted" to "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings" or raises a true question of law. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Plakushchav attacks the agency's finding that he failed to demonstrate that he more likely than not will be tortured if returned to Belarus. A determination of what will happen in the future is a finding of fact. *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012). Though Plakushchav frames his arguments as questions of law, each is a variation on a factual dispute: the agency should have given his evidence more weight. That is a question beyond our jurisdiction.

Plakushchav challenges the BIA's statement that his expert's testimony was "in the nature of informed speculation,

and relied upon assumptions for which there was no hard evidence." Plakushchav posits that an expert's testimony is "objective evidence," that Federal Rule of Evidence 702 permits an expert to testify in the form of an opinion, and that if the IJ doubted the foundation for the expert's opinion, he should have excluded the testimony. In the same vein, he faults the agency for failing to recognize that the expert testified consistently with the Department of State's country report on Belarus. These arguments are another way of saying that the IJ should have given more (indeed, dispositive) weight to the expert's testimony. That is a factual dispute that we lack jurisdiction to decide. *Cf. Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (identifying error of law where "important" facts have been "totally overlooked and others have been seriously mischaracterized").

Plakushchav contends that the BIA mischaracterized the expert's testimony when it wrote that his opinion was predicated on "the twin assumptions" that Plakushchav would be unable to obtain a "propiska," a government-issued identification card, and that Belarusian authorities would learn about his criminal history. But "the agency does not commit an 'error of law'

4

every time an item of evidence . . . is described with imperfect accuracy." *Id*. The expert opined that factors beyond not having a propiska may lead to Plakushchav's arrest and that, once arrested, factors beyond Plakushchav's criminal history could lead authorities to torture him. But the thrust of his prediction was as the BIA described. There was no error of law.

Finally, Plakushchav contends that the agency ignored the testimony of his expert and his mother that he will be unable to obtain a propiska. *See Xiao Ji Chen*, 471 F.3d at 329 (postulating legal error "where the IJ states that his decision was based on petitioner's failure to testify to some pertinent fact when the record of the hearing reveals unambiguously that the petitioner *did* testify to that fact" (emphasis in original)). The expert explained that Plakushchav would be in catch-22: one needs property to get a propiska, but one needs a propiska to rent an apartment. His mother testified that Plakushchav owns no property in Belarus and would need a propiska before finding a place to live. Plakushchav echoed that he has no family there. But, as the BIA noted, this testimony did not obligate the IJ "to assume that the United States would repatriate Plakushchav without first obtaining

5

valid, unexpired, Belarussian travel documents on his behalf." And as the IJ noted, "the documentary record does not indicate that the application process" for a propiska or passport "will be problematic." That is accurate: none of the country reports mentioned a propiska.

In sum, Plakushchav "merely quarrels over the correctness of the factual findings" that grounded the denial of relief. *Xiao Ji Chen*, 471 F.3d at 329. Consequently, we lack jurisdiction over this petition for review.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6